UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN LUKAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br><br>NO. 14-40152-TSH |

**ORDER AND MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD CORRENA LUKAS AS PLAINTIFF AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD CAMERON MACKAY AS DEFENDANT**

September 24, 2015

**HILLMAN, D.J.**

Pending before the Court are Plaintiff's motions to (1) amend his complaint to add Correna Lukas as a plaintiff; and (2) amend his complaint to add Cameron MacKay as a defendant. For the following reasons, Plaintiff's motion is ***granted*** with respect to adding Correna Lukas as a plaintiff and ***denied*** with respect to adding Cameron Mackay as a defendant.

**Background**

On November 4, 2011, Stephen Lukas (Plaintiff) and Cameron MacKay were involved in a motor-vehicle accident in Leominster, MA. Plaintiff alleges that his vehicle was struck from behind by a vehicle driven by MacKay and that he suffered significant injuries as a result. Plaintiff brought suit against MacKay in Superior Court; on July 17, 2013, during the course of discovery, Plaintiff learned that MacKay had been employed by the United States Navy at the time of the accident.

1

On October 28, 2013, Plaintiff filed an administrative claim with the Office of the Judge Advocate General pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, seeking to recover from the United States damages for his injuries.  Nearly one year later, on October 17, 2014, Plaintiff's wife, Correna Lukas, filed an administrative claim for her own damages relating to Plaintiff's injuries.  Four days after that, Plaintiff filed suit against the United States in this Court, alleging negligence and negligent infliction of emotional distress.  On February 6, 2015, both Plaintiff's and Correna Lukas's administrative claims were denied by the Office of the Judge Advocate General.  Plaintiff then moved on April 6, 2015 to amend his complaint to add Correna Lukas as a plaintiff in this lawsuit, so that she could assert her own claims for the loss of her husband's consortium.  On July 6, 2015, Plaintiff filed an additional motion to amend his complaint, this time to add Cameron MacKay as a defendant.

## Discussion

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend his or her complaint before trial with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The grant or denial is within the discretion of this Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave should be freely given absent an apparent or declared reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (quoting *Foman*, 371 U.S. at 182).

   *1. Motion for Leave to Amend to Add Correna Lukas as Plaintiff*

Plaintiff argues that his motion should be granted because it would be in the interest of justice to allow Correna Lukas to assert her claim for loss of consortium alongside her husband's

2

personal-injury claims.  Plaintiff further asserts that Correna Lukas's claim is timely because it did not accrue until Plaintiff learned that MacKay had been employed by the United States Navy.  The United States, for its part, argues that Plaintiff's motion should be denied on the ground of futility; specifically, the United States avers that Correna Lukas's loss-of-consortium claim is barred because she failed to file an administrative claim within two years of the accident.

"It is 'elementary' that the United States, as sovereign, is immune from suit unless it has consented to be sued." *Skwira v. United States*, 344 F.3d 64, 72 (1st Cir. 2003) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The Federal Tort Claims Act (FTCA) "expressly waives the government's sovereign immunity, permitting individuals to sue the government 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Skwira*, 344 F.3d at 73 (quoting 28 U.S.C. § 1346(b)).  There are, however, constraints on this waiver, one of which is a statute of limitations: "'A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues.'" *Id.* (quoting 28 U.S.C. § 2401(b)).  "As with all waivers of sovereign immunity, the Supreme Court has warned that this limitation, which requires a timely presentation of tort claims against the government, must be strictly construed." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

The pertinent issue regarding Plaintiff's motion to add Correna Lukas as a plaintiff is the determination of when Correna Lukas's loss-of-consortium claim accrued.  If this claim accrued on the date of the accident in November of 2011, then her administrative claim filed in October of 2014—nearly three years later—would have been untimely.  I am of the opinion, however, that

Correna Lukas's claim could not have accrued before July 17, 2013, which is the date on which Plaintiff discovered that MacKay was a federal employee at the time of the accident.

"The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury." *Skwira*, 344 F.3d at 73 (citing *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1991)).  In *United States v. Kubrick*, 444 U.S. 111, 113 (1979), however, "the Supreme Court recognized that a 'discovery' rule applies in the context of medical malpractice claims," meaning that "a claim 'accrues' when an injured party 'knows both the existence and the cause of his injury.'" *Skwira*, 344 F.3d at 73 (quoting *Kubrick*, 444 U.S. at 113).  In *Skwira*, the First Circuit Court of Appeals extended this discovery rule beyond the realm of medical malpractice claims to encompass other torts as well. 344 F.3d at 75.

As to the issue of when an FTCA plaintiff learns that the alleged tortfeasor was a federal employee, the *Skwira* court held that, in the medical malpractice context, the discovery rule will not apply to this element of the claim "[a]bsent extraordinary circumstances." *Id.* at 76-77 (citing *Gould v. U.S. Dept. of Health & Human Svcs.*, 905 F.2d 738, 745 (4th Cir. 1990)).  Crucially, however, with regard to a plaintiff's discovery of a defendant's federal status in *non*-medical-malpractice cases, the *Skwira* court held as follows:

> Outside the medical malpractice context, . . . the identity of the individual(s) responsible for an injury may be less evident, and a plaintiff may have less reason to suspect governmental involvement. . . . [O]utside the medical malpractice context,[] the proper subject of knowledge for accrual purposes under the FTCA is (1) the fact of injury and (2) the injury's causal connection with the government.

*Skwira*, 344 F.3d at 77 (quoting *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999)) (citing *Kubrick*, 444 U.S. at 123-24 & n.10).

Accordingly, in determining the accrual date of Correna Lukas's loss-of-consortium claim, the discovery rule applies with regard to the date on which she found out that MacKay was a

federal employee and thus learned that her alleged injury had a "causal connection with the government." *Id.* Although under Massachusetts law a loss-of-consortium claim is independent of the underlying personal injury claim, the factual predicate to this claim is the accident involving Plaintiff and MacKay, which allegedly caused the significant injuries to Plaintiff. *See Genereux v. Am. Beryllia Corp.*, 577 F.3d 350, 363 (1st Cir. 2009) (applying Massachusetts law) (citing *Olsen v. Bell Tel. Labs, Inc.*, 388 N.E.2d 609, 612 (Mass. 1983)).[1] Because Correna Lukas did not learn of MacKay's federal employment until July 17, 2013, her claim could not have accrued pursuant to the FTCA before this date; she filed an administrative action on October 17, 2014, which was within two years of July 17, 2013. Therefore, her proposed loss-of-consortium claim before this Court is not barred by the FTCA's statute of limitations.[2]

There is no suggestion in this case that Plaintiff has a dilatory motive or has acted in bad faith in moving to amend his complaint to add Correna Lukas as a plaintiff. *See Foman*, 371 U.S. at 182. Furthermore, allowing this amendment will not cause undue delay or prejudice to the United States, as trial is not imminent and Correna Lukas's loss-of-consortium claim arises from the same incident as Stephen Lukas's direct tort claims. Plaintiff's motion for leave to amend to add Correna Lukas as a plaintiff in this lawsuit is granted.

---

[1] In FTCA cases, the action is governed by the substantive tort law of the state in which the tortious act allegedly occurred. 28 U.S.C.A. § 1346(b)(1); *Bolduc v. United States*, 402 F.3d 50, 56 (1st Cir. 2005) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)).

[2] The United States brings my attention to the recent case of *Desir v. Steward Health Care Sys., LLC*, No. 14-CV-13629-ADB, 2015 WL 3682483 (D. Mass. June 15, 2015), and argues that Plaintiff's motion should be dealt with in similar fashion. *Desir*, however, was a case that concerned the issue of equitable tolling, whereas the issue here is the date upon which Correna Lukas's claim accrued.

### *2. Motion for Leave to Amend to Add Cameron MacKay as Defendant*

Unlike the issue of MacKay's status as a federal employee, Plaintiff has long been aware of MacKay's identity as the driver of the vehicle that allegedly caused his injuries. There is no indication that MacKay's identify was unknown at the time of the accident, and Plaintiff filed suit against MacKay personally in Superior Court in February of 2013. According to Plaintiff, the Superior Court case was dismissed "once it became apparent that the United States was MacKay's employer and needed to be sued in federal court." (Plaintiff's Motion to Amend, Docket No. 21, at 2.) Plaintiff has provided no explanation for why he did not include MacKay as a defendant when he filed suit in this Court in October of 2014; nor has he explained why he waited nine months after filing suit to move to amend his complaint to add MacKay as a defendant. In my opinion, justice does not require granting Plaintiff's motion under these circumstances. *See Foman*, 371 U.S. at 182.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint to Add Correna Lukas as Plaintiff (Docket No. 9) is ***granted***, and Plaintiff's Motion for Leave to Amend Complaint to Add Cameron MacKay as a Defendant (Docket No. 21) is ***denied***.

**SO ORDERED.**

                                                 */s/ Timothy S. Hillman*
                                                 **TIMOTHY S. HILLMAN**
                                                 **DISTRICT JUDGE**